IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARVIN E. DAVIS, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:08CV518-HEH
)
C/O STANTON, *et al.*, )
)
Defendants. )

**MEMORANDUM OPINION**
**(Granting Defendants' Motion for Summary Judgment and**
**Dismissing Claims Without Prejudice)**

Plaintiff, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. § 1983 action. On October 16, 2008, Defendants Stanton, Brooks, and White[1] filed a motion for summary judgment contending that Plaintiff failed to exhaust his claims. Plaintiff has not responded to the motion for summary judgment. This matter is ripe for judgment.

**I. SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the

---

[1] Defendant Sergeant DaWhite appears to have been added in error. The Clerk will be DIRECTED to terminate Sergeant DaWhite as a party to this action.

court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(c) and 56(e) (1986) (amended 2007)). When reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party . . . ." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

## II. THE EXHAUSTION REQUIREMENT OF 42 U.S.C. § 1997e(a)

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). Generally, in order to satisfy the exhaustion requirement, the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, the applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

### III. ADMINISTRATIVE REMEDIES AVAILABLE AT POWHATAN CORRECTIONAL CENTER

Defendants have presented an affidavit from S. Carson, Operations Officer at Powhatan Correctional Center ("PCC"), where Plaintiff was confined at all relevant times. Officer Carson's undisputed affidavit, along with the pertinent regulations submitted, establish that the Virginia Department of Corrections ("VDOC") maintains a grievance procedure for resolving inmate complaints. The pertinent VDOC regulations require that, before submitting a formal grievance, the inmate must make a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. VDOC Operating Procedure Regulations § 866-7.13 (revised Sept. 1, 2004). Generally, this requires an inmate to file an informal complaint form. If that resolution effort fails, the inmate must

initiate a formal grievance by filling out a standard form. *Id.* at § 866-7.14.1. "The original regular grievance (no photocopies or carbon copies) should be submitted by the inmate through the institutional mail system to the Warden/Superintendent's Office for processing by the Institutional Ombudsman [or] Grievance Coordinator." *Id.* Furthermore, the inmate must attach to the formal grievance form pertinent documentation of his attempt to informally resolve the issue or write the results of his efforts at informal resolution on the grievance form. *Id.* A formal grievance must be filed within 30 days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the inmate's control. *Id.* at § 866-7.14.

There are up to three levels of review for a formal grievance. *Id.* at § 866-7.15. The warden or superintendent of the facility in which the inmate is confined is responsible for Level I review. *Id.* at § 866-7.15. If the inmate is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the VDOC Regional Director, the VDOC Health Services Director, or the VDOC Chief of Operations for Offender Management Services. *Id.* at § 866-7.15.2. The Level II response informs the inmate whether the inmate may pursue an appeal to Level III.

## IV. ANALYSIS

Officer Carson's unopposed affidavit establishes that Plaintiff never filed an informal or formal complaint. (Defs.' Br. in Supp. of Mot. for Summ. J. Ex. I ¶ 7.)

Plaintiff offers no excuse for his failure to exhaust his administrative remedies in accordance with the applicable regulations. Accordingly, his claims will be dismissed without prejudice for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

      An appropriate order will issue.

                                              /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: June 30, 2009
Richmond, Virginia